IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
CLIFFORD SCHUETT,              )   Civ. No. 14-00374 HG/KSC
                               )
          Plaintiff,           )   ORDER DISMISSING CASE WITHOUT
                               )   PREJUDICE UNDER 28 U.S.C.
     vs.                       )   § 1915(G)
                               )
GOVERNOR, STATE OF HAWAII,     )
                               )
          Defendant.           )
_____)
```

**ORDER DISMISSING CASE WITHOUT PREJUDICE
UNDER 28 U.S.C. § 1915(G)**

Before the court is Plaintiff's request to proceed *in forma pauperis* ("IFP") in this prisoner civil rights action. Doc. No. 5. Plaintiff is a federal prisoner incarcerated at the Nevada Southern Detention Center ("NSDC"), located in Pahrump, Nevada.[1] For the following reasons, Plaintiff's Complaint and action are DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g).

**I.   BACKGROUND**

Plaintiff complains that the "Hawaii Dept of Justice, Attorney General's Office denied him employment in December 2013, "stating the State of Hawaii does [not] hire felons who are in

---

[1] NSDC is owned and operated by Corrections Corporation of America pursuant to an agreement with the federal Bureau of Prisons ("BOP").

wheelchairs to work."² Compl., Doc. No. 1, PageID #5. He says that he wrote Governor Neil Abercrombie regarding this alleged discrimination, but received no answer. He claims Defendants violated his rights under the Americans With Disabilities Act.

On October 1, 2014, this Court ordered Plaintiff to show cause on or before October 17, 2014, why his IFP application should not be denied and this action dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). Plaintiff filed a response to the Order to Show Cause on October 30, 2014. *See* Doc. No. 8. Plaintiff's response ignores the Court's Order to Show Cause finding that he has three strikes under 28 U.S.C. § 1915(g). Instead, he complains that NSDC mail room staff are allegedly tampering with his mail, states that he is indigent, and seeks a court order compelling the prison to "allow Plaintiff to respond to the Court." *Id.* at PageID #38.

---

² Plaintiff has recently filed numerous other federal complaints alleging the discriminatory denial of employment by various other state and federal agencies. *See, e.g.*, *Schuett v. Attorney Gen.*, 3:14-cv-00637 WMC (W.D. Wis., Sept. 19, 2014); *Schuett v. Attorney Gen., Calif.*, 2:14-cv-06794 UA (C.D. Cal., Aug. 29, 2014); *Schuett v. Attorney Gen., Iowa*, 4:14-cv-00338 SMR (S.D. Iowa, Aug. 28, 2014); *Schuett v. Governor, Colo.*, 1:14-cv-02409 BNB (D. Colo., Aug. 28, 2014); *Schuett v. Chief Ranger, U.S. Park Serv.*, 2:14-cv-00173 NDF (D. Wyo., Aug. 25, 2014); *Schuett v. Unknown*, 1:14-cv-00905 RJJ (W.D. Mich., Aug. 25, 2014); *Schuett v. Dist. Attorney, Spokane, Wash.*, 2:14-cv-264 SMC (D. Wash., Aug. 14, 2014); *Schuett v. Governor, Wash.*, 3:14-cv-05634 (D. Wash., Aug. 13, 2014); *Schuett v. Herbert, Governor of Utah*, 2:14-cv-00580 TC (D. Utah, Aug. 8, 2014); *Schuett v. Sheriff, Maricopa Cnty.*, 2:14-cv-01663 JTT (D. Ariz., July 23, 2014).

## II. **MAIL INTERFERENCE**

Since Plaintiff filed this action on August 18, 2014, he has commenced many others in the federal courts, casting doubt on his claim that NSDC staff are preventing him from timely responding to the Order to Show Cause or otherwise communicate with the courts. *See*, *e.g.*, Civ. Nos. 2:2014-cv-00173 (D. Wyo. Aug. 25, 2014); 1:2014-cv-00905 (W.D. Mich. Aug. 25, 2014); 2:2014-cv-06794 (C.D. Cal. Aug. 29, 2014); 4:2014-cv-00338 (S.D. Iowa August 28, 2014); 2:2014-cv-02666 (W.D. Tenn August 27, 2014); 1:2014-cv-03101 (N.D. Ga, Sept. 25, 2014); 1:2014-cv-2409 (D. Colo. Aug., 28, 2014); 1:2014-cv-01431 (D. Nev. Aug. 27, 2014) (transferred from Tennessee Sept. 2, 2014) (Plaintiff filed seven motions between Sept. 16 and 30, 2014); 1:2014-cv-0110 (W.D. Mich. Oct. 24, 2014); 2:2014-cv-01645 (D. Nev. Oct. 7, 2014) (Plaintiff filed four motions between Oct. 16 and 28, 2014); 2:2014-cv-01663 (D. Nev. July 23, 2013) (Plaintiff filed three motions on Sept. 17, 2014). These filings show that Plaintiff had little difficulty filing cases and motions *after* he filed this case and during the time he alleges prison officials tampered with or prevented him from filing documents to the courts. Plaintiff's response is completely non-responsive and not credible in light of the record available to this Court. He was clearly able to dispute the three strikes noted, or argue

that he was in imminent danger of serious physical injury due to Defendant's actions, when he commenced this suit. He did not.

If Plaintiff seeks to raise this mail interference claim in another action, he may do so in the District of Nevada, where defendants are located, the alleged events and omissions allegedly occurred, and where venue for such claims is proper. *See* 28 U.S.C. § 1391(b). The Court will not further address these claims in this action.

### III. 28 U.S.C. § 1915(g)

A prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* if he has:

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). "[D]istrict court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and

4

therefore counts as a strike." *Id.* at 1120. The district court may dismiss *sua sponte* an action that is barred by § 1915(g), after notifying the prisoner of the strikes it considers to support such a dismissal, and affording the prisoner an opportunity to be heard before dismissal. *See id.* at 1120. After notice, the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not apply. *Id.* ("once a prisoner has been placed on notice of the potential disqualification under § 1915(g) by either the district court or the defendant, the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude IFP status").

In the Order to Show Cause, this Court notified Plaintiff that he has at least three previous dismissals that qualify as "strikes" under 28 U.S.C. § 1915(g), including:

(1) *Schuett v. United States Marshal Serv.*, Civ. No. 2:13-cv-01063 JCM (D. Nev., July 29, 2013) (dismissed with prejudice for failure to state a claim), Doc. No. 21;

(2) *Schuett v. Sheriff, Cnty. Jail of Rochester, New York*, Civ. No. 6:95-cv-6216 (W.D.N.Y., May 30, 1995) (dismissed for failure to state a claim), Doc. No. 7; and

(3) *Schuett v. Sheriff, Cnty. Jail of Rochester, New York*, Civ. No. 6:95-cv-6157 (W.D.N.Y., May 30, 1995) (dismissed for failure to state a claim), Doc. No. 5.

*See* PACER Case Locator, http://pacer.psc.uscourts.gov. Plaintiff was informed that he may not bring a civil action without

5

complete prepayment of the filing fee, unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). The Court further noted that his Complaint against Governor Abercrombie did not show imminent danger of serious physical injury.

Since then, the Court has discovered two additional cases that qualify as strikes:

- (4) *Schuett v. BM Fauber*, Civ. No. 88-73527 HWG (E.D. Mich. Sept. 13, 1988) (dismissed as frivolous).

- (6) *Schuett v. Attorney Gen. of Cal.*, Civ. No. 14-6794 (C.D. Cal. Sept. 26, 2014) (dismissed as frivolous, malicious, or fails to state claim) (time passed for appeal).

Moreover, on October 22, 2014, the District of Arizona notified Plaintiff of these strikes and others, denied Plaintiff's IFP request, and dismissed Plaintiff's action pursuant to 28 U.S.C. § 1915(g), for failure to show imminent danger of serious physical injury. *See Schuett v. Unknown Party*, Civ. No. 14-01663 JJT (D. Ariz. Oct. 22, 2014). Plaintiff has had notice and an opportunity to respond regarding his strikes.

### IV. **NO IMMINENT DANGER**

"[T]he availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). "[T]he exception applies if the complaint makes a plausible allegation that the

prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.* at 1055. Claims of "imminent danger of serious physical injury" cannot be triggered solely by complaints of past abuse. *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999).

Plaintiff's claim that he was denied employment by the Hawaii Office of the Attorney General in December 2013, does not support a finding that he was in imminent danger of serious physical injury, particularly due to any action of the Governor of Hawaii, the only named defendant here, when he filed this action. Plaintiff does not dispute this or the fact that he has accrued three strikes. Instead, he argues only that his mail has been interfered with, causing him to respond to the Order to Show Cause late. This is immaterial the issue at hand, whether Plaintiff has accrued three strikes and whether he was in imminent danger of serious physical injury when he commenced this action.

## V. CONCLUSION

Plaintiff fails to show cause why this action should proceed without prepayment of the civil filing fee. Plaintiff's Complaint and action are DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g). Plaintiff may move within twenty-eight days to reopen this action, or he may reassert his claims in a new

7

action, with concurrent payment of the $400.00 filing fee. Any pending motions are DISMISSED. The Clerk shall close the case and note on the docket that this dismissal is pursuant to 28 U.S.C. § 1915(g).

       IT IS SO ORDERED.

       DATED: November 6, 2014, Honolulu, Hawaii.



    /s/ Helen Gillmor

Helen Gillmor
United States District Judge

*Schuett v. Governor*, 1:14-00374 HG/KSC; 3 stks\2014 (Schuett 14-374 (dsm, note new cases); H:\Orders\Denise\14cv374 Schuett v. Governor.Dismissing Case.wpd